IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 21-cv-01577-RM-STV

SAMANTHA BESSER, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

SUNFLOWER BANK, N.A.,

    Defendant.

---

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

---

WHEREAS, Plaintiff Samantha Besser has submitted to the Court the Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Incentive Award (ECF No. 89) and accompanying Memorandum of Law in Support (ECF No. 89-1);

WHEREAS, on May 14, 2025, the Court entered a Preliminary Approval Order (ECF No. 88) which, *inter alia*: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) appointed Plaintiff as Class Representative; (iv) appointed as Class Counsel for the Settlement Class: Sophia Gold and Jeffrey D. Kaliel of Kaliel Gold PLLC; David Berger and Mark Troutman of Gibbs Mura LLP; (v) approved the form and manner of the Notice Program; and (vi) set a hearing date to consider Final Approval of the Settlement;

WHEREAS, Notice was provided to all persons identified in the Settlement Class Member list in accordance with the Court's Preliminary Approval Order by individual email and/or mailings to all persons in the Settlement Class who could be reasonably identified;

WHEREAS, on September 24, 2025, at 1:30 p.m., at the Alfred A. Arraj Courthouse, United States District Court for the District of Colorado, located at 901 19th Street, Denver, Colorado 80294, the Honorable Senior Judge Raymond P. Moore held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider the application of Class Counsel's attorney fees, costs, and incentive award for the Class Representative; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all the other files, records, proceedings in the Action, and arguments of counsel, and being otherwise fully advised,

**IT IS HEREBY ORDERED** as follows:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

2. This Order incorporates the definitions in the Agreement, and all capitalized terms used in this Order have the same meanings as set forth in the Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules.

    4.       The notice to government entities, as given, complied with 28 U.S.C. § 1715.

    5.       The Settlement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered (1) that there were no opt-outs or objections to the Settlement, indicating an overwhelming positive reaction from the Settlement Class, and (2) the opinion of competent counsel concerning such matters.

    6.       The distribution plan proposed by the Parties is fair, reasonable, and adequate.

    7.       The Class Representative and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

    8.       Because the Court approves the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Agreement.

    9.       All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

    10.      The appointment of the Plaintiff Samantha Besser as Class Representative is affirmed.

    11.      The appointment of Sophia Gold and Jeffrey D. Kaliel of Kaliel Gold PLLC and David Berger and Mark Troutman of Gibbs Mura LLP as Class Counsel for the Settlement Class is affirmed.

12. The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for settlement purposes only in that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class Members; (3) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (4) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent her; (5) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

13. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

14. The Releasing Parties hereby fully and irrevocably release and forever discharge as of the Effective Date, and in exchange for the relief described in the Settlement, the Released Parties of and from the Released Claims. The Released Claims are dismissed with prejudice and released regardless of whether these claims are known or unknown, existing or potential, suspected or unsuspected, actual or contingent, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort, or any other theory. Each Settlement Class Member is hereby barred and permanently enjoined from bringing or maintaining on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims in any forum, action, or proceeding of any kind.

15. If, consistent with the plan of distribution set forth in the Agreement, any remaining funds exist after the first distribution, and after a possible second distribution, any remaining funds will go to Colorado Legal Services.

16. The Court hereby decrees that neither the Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

17. Class Counsel is awarded attorney fees in the amount of **$150,000.00** and costs in the amount of **$2,563.75**, such amounts to be paid from the Settlement Fund in accordance with the terms of the Agreement.

18. The Class Representative is awarded an Incentive Award in the amount of **$7,500.00** to be paid from the Settlement Fund in accordance with the terms of the Agreement.

19. The Settlement Administrator is awarded **$49,650.83** for its costs and expenses in sending notice and administering the Settlement and is entitled to reimbursement of those expenses.

20.     The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

21.     In the event that the Effective Date of the Agreement, does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Agreement.

22.     The Court adjudges that the Class Representative and all Settlement Class Members shall be bound by this Final Approval Order.

23.     There being no just reason for delay, the Clerk of Court is hereby directed to enter FINAL JUDGMENT pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

It is SO ORDERED.

DATED this 24th day of September, 2025.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge